**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 5:06 CR 505** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Don Nell Hawkins,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### Introduction

This matter is before the Court upon defendant Don Nell Hawkins's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 67), defendant's Motion for Leave of Court to Conduct Discovery (Doc. 72), defendant's Motion to Expand the Record (Doc. 80), defendant's Motion to Supplement Traverse in Opposition to Government's Response (Doc. 85), defendant's Declaration in Support (Doc. 86), defendant's Second Motion to Supplement His Traverse (Doc. 88), defendant's Second Declaration in Support (Doc. 89), defendant's Declaration in Support (Doc. 90), and defendant's Second Motion for Leave to Conduct Discovery (Doc. 91).  For the following reasons, the motions are DENIED.

1

**Facts**

Defendant, Don Nell Hawkins, was charged in a criminal complaint on September 22, 2006, with knowingly and intentionally possessing with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). On October 24, 2006, a federal grand jury returned a three-count indictment charging defendant with two counts of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and one count of possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).

Defendant filed a motion to suppress, objecting to the reliability of the confidential informant and alleging that the warrant affidavit contained false statements. At a hearing held on December 7, 2006, this Court denied the motion.  Thereafter, defendant entered a conditional guilty plea on January 8, 2007, reserving the right to appeal the Court's ruling on his motion. Defendant also preserved any legal remedies pertaining to claims of ineffective assistance of counsel and prosecutorial misconduct.  On April 24, 2007, defendant was sentenced on Count Three to 240 months imprisonment followed by ten years of supervised release.  Counts One and Two were dismissed.

On May 23, 2008, the United States Court of Appeals for the Sixth Circuit affirmed this Court's denial of the motion to suppress. *United States v. Hawkins*, 278 Fed. Appx. 629 (6th Cir. 2008).  The relevant background facts were summarized in that opinion:

> In June of 2006, officers with the Canton, Ohio, Police Department received information to the effect that large quantities of cocaine base ("crack") were being sold by a male known as "Hulk" from his residence on the 2300 block of Third Street NW in Canton, Ohio. Officers then located the residence at 2319 Third Street NW based on the description of the residence provided by the informant. They also located two vehicles associated with the residence as described by the informant.
>
> Thereafter, Detective Donald Miller (hereinafter "Det. Miller") contacted a

confidential informant known as Confidential Informant # 403 ("CI# 403") to obtain additional information. Det. Miller described CI# 403 in the warrant affidavit as "a reliable informant" who verified the residence of 2319 Third Street NW as being the address of a male known as "Hulk." The confidential informant also provided information regarding Hulk's vehicles, which matched those provided by the first informant, and provided that Eve Ramsey was Hulk's live-in partner at the residence and owned one of the vehicles described.

Officers then contacted CI# 403 for the purpose of conducting a controlled buy of crack cocaine from the residence on July 12, 2006. At a secure location, officers first searched CI# 403 to ensure he had no drugs on his person or in his vehicle. Det. Miller took CI# 403's personal money and provided him with $250 in prerecorded currency to purchase 1/4 ounce of crack cocaine from Hulk. CI# 403 contacted Hulk by cell phone on a taped call to arrange for the purchase. Det. Miller followed the informant to the residence and then circled the block. In the meantime, other Canton officers were in place to observe CI # 403 arrive at, enter, and exit the residence. After CI# 403 left the residence, he met officers at a predetermined secure location where Det. Miller took the drugs from him and conducted another search of his person and vehicle. Det. Miller then field tested the drugs, which were positive for crack cocaine.

Thereafter, CI# 403 was shown a photographic line-up of several individuals and identified Hawkins to be the person he knew as Hulk. A second controlled buy was arranged through CI# 403 on July 18, 2006. The same procedures were followed, except that officers issued $450 to the informant and instructed him to purchase 1/2 an ounce of crack cocaine. After CI# 403 purchased the drugs from Hulk, they field tested positive for crack cocaine.

Based on the above, officers obtained a search warrant of the residence on July 19, 2006. In an effort to obtain a no-knock, non-consensual warrant, Det. Miller included additional information about Hawkins in the affidavit. This included his status as a convicted felon with several felony arrests and his listing in the computer-aided dispatch system as someone who is considered to be armed and dangerous. The affidavit also listed Hawkins' alleged association with two other men, Donte L. McQueen and Jerome A. Hawkins (the defendant-appellant's brother), who also had violent criminal histories and were known to fight with police and/or resist arrest. Based on the information provided, Det. Miller believed that these felons may be at the residence with Hawkins and armed and dangerous.

The search warrant was executed on Hawkins' residence located at 2319 Third Street NW, Canton, Ohio, on July 21, 2006. During the search, officers found 199.95 grams of cocaine base, electronic scales, baking powder, plastic sandwich bags, $3,384.00 in U.S. currency, razor blades, a crack pipe, and a large Pyrex mixing bowl. Hawkins also made several incriminating statements to officers after his arrest.

3

*Id.* at 630-631.

The Sixth Circuit determined that defendant did not make a showing that any of the statements in the warrant affidavit were deliberately false or made with reckless disregard for the truth.  The court rejected defendant's argument that Detective Miller made false statements about personally observing the CI entering defendant's residence because he stated that other officers made the observation.  The court also found that defendant's own testimony at the hearing was insufficient to establish the falsity of the affidavit.  Finally, the court concluded that Detective "Miller's statements that he set up the controlled buy and took necessary precautions before and after the orchestrated purchase adequately corroborated the CI's information and, thus, provided sufficient probable cause for the issuance of the search warrant."  The court found the herein case to be "essentially indistinguishable" from *United States v. Coffee*, 434 F.3d 887 (6th Cir.2006).  There, the informant had provided information to officers that he had purchased drugs from the defendant. The officers then executed a controlled buy similar to the ones here. Although there were no statements in the warrant affidavit about the reliability of the confidential informant, based on the controlled buy the court concluded that the informant's information was sufficiently corroborated and, thus, the warrant affidavit provided sufficient probable cause.  The court concluded that, in the case herein, "reviewing the warrant affidavit as a whole, it is clear that the information provided therein created a fair probability that drugs or other evidence would be found at Hawkins' residence."  *Id.* at 635.

On January 5, 2009, defendant filed a Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence.  Upon motion by plaintiff, this Court ordered the Motion to be stricken

because it did not comply with procedural requirements. Defendant was given 30 days to amend. An amended Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence was thereafter filed and has been fully briefed. The Motion sets forth four grounds for relief:

> (1) Counsel was ineffective in failing to properly investigate and challenge the facts in the affidavit underlying the search warrant.
>
> (2) The guilty plea was invalid due to ineffective assistance of counsel.
>
> (3) There existed prosecutorial misconduct.
>
> (4) Defendant had ineffective assistance of appellate counsel.

**Standard of Review**

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. "In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.' " *Holmes v. U.S.*, 281 Fed.Appx. 475 (6th Cir. 2008) (citing *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir.2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir.2001)). *See also Javaherpour v. U.S.*, 2009 WL 484595 (6th Cir. February 26, 2009) (quoting *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir.2003) ) ("To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the

5

jury's verdict.")

When a prisoner seeks relief under § 2255, the district court must assess the sufficiency of his constitutional claims and determine whether he is entitled to an evidentiary hearing:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b).

### Discussion

### (1) Ineffective Assistance of Counsel

Grounds One, Two and Four, involving ineffective assistance of counsel, will be addressed together.

"A habeas petitioner must demonstrate two elements to prevail on a claim of ineffective assistance of counsel: (1) counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different." *Javaherpour, supra* (citing *Strickland v. Washington*, 466 U.S. 668 (1984) ). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Defendant can show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687.

Defendant contends that his counsel at the suppression hearing and subsequent counsel were ineffective.[1]  In his Motion, defendant asserts the following instances of alleged ineffectiveness:

1.  Counsel failed to obtain crime laboratory reports which were exculpatory in nature in that they did not contain defendant's name or other facts corroborating the affiant's statements contained in the affidavit supporting the search warrant.

2. Counsel failed to object to the government's false assertion that certain police reports existed when he knew that they had never been provided during discovery.

3.  Counsel failed to show false statements contained in the search warrant affidavit regarding Jerome Hawkins.

4.  Counsel failed to investigate tape recordings referred to in the affidavit.

5.  Counsel failed to obtain a transcript of the probable cause hearing before the state court judge.

6.  Counsel was ineffective in conceding that there was probable cause when, in fact, the affidavit lacked sufficient independent corroboration of other officers being present to observe the confidential informant (CI).

7.  Counsel was ineffective in advising defendant to assert a mistaken identity defense by testifying that Jerome Hawkins sold the drugs when counsel and defendant knew that Jerome was not present.

8.  Counsel failed to show that the affiant perjured himself as to when the drugs were sent to the crime lab.

9.  Counsel failed to investigate statements in the complaint falsely attributed to defendant.

10.  Counsel failed to thoroughly investigate the case before advising defendant to plead guilty.

11.  Counsel effectively declined to represent petitioner if he decided to proceed to

---

[1]  Defendant was represented by attorney Jeffery Haupt through the suppression hearing.  Haupt withdrew about one week after the Court denied that motion.  Attorney Harvey Bruner then appeared on behalf of defendant and represented him through the plea of guilty and on appeal.

7

trial.

12. Appellate counsel was ineffective when he failed to raise the issue of the absence of the probable cause recording, did not present oral argument, did not file a reply brief, did not properly argue the denial of the motion to suppress and did not timely notify defendant of the appellate court's decision so that defendant could file a timely petition for rehearing.

In his Memorandum in Support, defendant asserts the following. His counsel failed to argue that Detective Miller did not observe the CI enter the residence because he had driven around the block, and Miller's bare assertion that other officers were present to observe the CI was unsupported because they did not testify at the suppression hearing. His counsel should not have advised defendant to assert a mistaken identity defense given that the identity of the person selling the drugs is immaterial when attempting to suppress evidence based on a fabricated affidavit. His counsel was deficient in conceding probable cause when the preponderance of the evidence showed that no controlled buys occurred from the searched residence. His guilty plea was invalid because defendant would have proceeded to trial had counsel not told him that there was no defense to Count Three and "defense would just be sitting at the table staring at each other while the government puts on its [case.]" Counsel also told defendant that he would "make the correct arguments on appeal and have me back in 8-12 months." Appellate counsel failed to raise the issues of the missing probable cause recording and Detective Miller's false assertion that he personally observed the CI enter the residence. Nor did appellate counsel timely petition for rehearing or notify defendant of the court's decision so that he could file a *pro se* petition.

For the following reasons, defendant did not have ineffective assistance of counsel. In particular, defendant does not demonstrate that his attorneys' performance was outside the

8

wide range of professionally competent assistance. Even assuming a deficiency, he has not shown that there is a reasonable probability that the outcome of the proceedings would have been different.

Many of defendant's assertions relate to the CI's reliability or credibility, alleged false statements in the warrant affidavit and defendant's argument that no controlled buys occurred from the searched residence. Defendant, however, testified at the suppression hearing as to the basis for his assertion that the warrant affidavit was false. This Court did not find the testimony credible and the Sixth Circuit found no clear error. Also rejected were the same arguments asserted here that Detective Miller committed perjury or made statements with reckless disregard for the truth. Based on the detective's testimony, the Sixth Circuit further concluded that there was sufficient corroboration of the CI's information so as to support a probable cause finding.

Additionally, defendant contends that his counsel failed to obtain crime lab reports or investigate recordings concerning the controlled buys. Defendant asserts that the reports do not link him to the controlled buys and that the recordings were favorable to defendant given that it was not his voice contained therein. After the denial of the motion to suppress and the withdrawal of defendant's attorney, however, defendant's new counsel filed a motion to authenticate the recordings on the basis that the voice on the tapes was not defendant's. The government stated in response that the recordings had not been provided in discovery due to the government's prior and continuing representations that it would request the dismissal of the counts related to the controlled purchases on the morning of trial. Thus, defendant has not shown that his counsel had been deficient in not obtaining the reports and tapes related to the

9

controlled purchases. Defendant contends that the outcome of the suppression hearing would have been different if he had had the crime reports and recordings. Defendant's assertion is unavailing give that the Sixth Circuit found substantial corroborating information in the warrant affidavit to support probable cause to search the residence. Additionally, defendant's new counsel was permitted to listen to the recordings, and the government ultimately dismissed the counts involving the controlled buys. Thus, there is no reasonable probability that the outcome of defendant's sentence would have been different.

Defendant's assertion regarding certain police reports is equally unpersuasive as he testified at the suppression hearing that he had seen the report in question. Defendant asserts now that he was misunderstood. Nonetheless, there is no showing that the outcome would have changed.

Defendant contends that his counsel at the suppression hearing was ineffective in advising defendant to proceed with the defense that the sales were a case of mistaken identity given that defendant looked liked his brothers. Defendant now asserts that his counsel should have known that the identity of the seller is irrelevant when arguing that the affidavit contained falsifications. As discussed herein, however, defendant has not succeeded in showing that statements in the affidavit were deliberately false or made with reckless disregard for the truth. Thus, defendant has not demonstrated prejudice.

Defendant asserts that his counsel failed to challenge Detective Miller's statement in the search warrant affidavit that Jerome Hawkins, defendant's brother, might be present when the warrant was executed. Defendant contends that Miller knew that Jerome was in jail at the time. Even assuming defendant's unsupported assertion established the untruthfulness of the

statement in the affidavit, it pertained only to executing a no-knock warrant given that Jerome was potentially armed and dangerous. The remainder of the affidavit would still have established probable cause to search given the information about the two controlled buys. Further, even in the absence of a statement as to Jerome, given that defendant and McQueen also were said to have a dangerous history, there would have been a basis for executing the warrant without knocking.

Defendant claims that counsel should have obtained a transcript of the search warrant application in the state court. But, defendant does not show that this evidence would have changed the outcome of his case inasmuch as the warrant was based on the two controlled buys at defendant's residence which the court of appeals found to provide probable cause to search.

Defendant contends that he received ineffective assistance of counsel regarding his plea. While a guilty plea can be involuntary as a result of the ineffective assistance of counsel, defendant fails to show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. To the contrary, defendant stated to the Court at the change of plea hearing that his plea was voluntary and no one had made any promises to convince him to plead.

Finally, defendant does not demonstrate deficient performance on appeal. Defendant contends that counsel failed to raise the issue of Detective Miller's allegedly false assertion that he personally observed the CI enter defendant's residence. The Sixth Circuit, however, specifically addressed defendant's argument that Detective Miller committed perjury. The court discussed the warrant affidavit and Miller's testimony and concluded that defendant

11

"mischaracterized"the affidavit.  Rather, according to Miller, other officers observed the CI enter the residence while Miller drove around the block.  Moreover, the other officers were not required to provide their own testimony.  Defendant asserts that this Court inquired of counsel at the suppression hearing regarding the absence of a transcript of the probable cause hearing, but this exchange was omitted from the suppression hearing transcript and appellate counsel failed to raise the issue.  Defendant, however, fails to show that the alleged inaccuracy of the transcript adversely affected the outcome of the proceeding.  Defendant also faults counsel for not presenting oral argument or filing a reply brief.  But, defendant's assertions in this regard are merely speculative given the Sixth Circuit's decision affirming the denial of the motion to suppress and finding that the facts of this case were not different from those previously decided on this issue.  Finally, defendant does not effectively show that counsel failed to timely notify him of the appellate court's decision.  Even if he did, defendant does not convince this Court of the likelihood that the Sixth Circuit would have changed its decision.

For the foregoing reasons, defendant's ineffective assistance of counsel claims fail.

**(2) Prosecutorial Misconduct**

Defendant contends that there existed prosecutorial misconduct where the government suppressed exculpatory crime lab reports, transcription of tape recordings and the recording of the probable cause hearing, and made false statements about the existence of police reports and that other officers were prepared to testify.  As discussed herein, the government did not withhold evidence relating to the controlled buys and defendant has not demonstrated that false statements were made as to the police reports.

This claim fails.

For these reasons, defendant Don Nell Hawkins's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is denied.

**(3) Miscellaneous Motions**

Defendant's Motion for Leave of Court to Conduct Discovery and Motion to Expand the Record are denied for the reasons stated in the government's response. In particular, defendant fails to establish good cause for conducting discovery. Defendant's request to expand the record inappropriately contains one item dated after the filing of the motion, and defendant has already presented numerous exhibits to the Court and has previously requested that some be excised in lieu of the Court striking his motion as being in excess of the page limit.

The remaining motions filed by defendant, referenced above, relate to defendant's assertions that the government did not provide him with crime laboratory reports and police reports, and that the government mislead the Court regarding the existence of a police report and statements attributed to defendant therein. These assertions are rejected for all the reasons stated in the government's response and supporting exhibits (Doc. 92).

Generally, the government has demonstrated that defendant's attorney received the crime lab reports and police reports in question in a timely manner. (*See* Harvey Bruner aff. and exhibits thereto)[2]  Additionally, defendant relies on the absence of identifying

---

[2] In a further reply, defendant has submitted his own declaration disputing Bruner's averment on the basis that the crime lab reports "appear to be recently provided to him and the lab technicians by the same source." (Doc. 94) Defendant bases his assumption on the recent date stamp on the facsimile footer on the copies of the lab reports submitted with Bruner's affidavit as well as those submitted by the two forensic chemists. Clearly, this date stamp does not create an issue of fact as

13

information in the crime lab reports.  The government submits the affidavits of Detective Miller and the two criminalists/ forensic chemists who prepared the crime lab reports which concluded that the substance in question was crack cocaine.  These affidavits show that the absence of the identifying information is a routine practice to protect the integrity of an on-going investigation and is inconsequential for forensic purposes.  (*See* Detective Miller aff., Jay Spencer aff., and Brad Taylor aff. and exhibits thereto) Finally, defendant argues that government's counsel mislead this Court to believe that a July 12, 2006 police report exists written by Officer Riley and that defendant made statements therein admitting to selling cocaine shortly before the controlled buys at issue here. As the government has explained, however, during the suppression hearing it referred to Officer Riley's police report of defendant's July 21, 2006 arrest wherein defendant admitted to processing cocaine at his residence.  This contradicted defendant's testimony at the suppression hearing that the controlled buys never occurred and he had not sold crack since the late 1990s.  The July 12, 2006 police report was that written by Detective Miller, reporting the events of the first controlled buy.  As discussed above, this report was timely provided in discovery.  These two reports, therefore, were used by the government to challenge defendant's assertions that the controlled buys did not occur.

**Conclusion**

For the foregoing reasons, defendant Don Nell Hawkins's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, defendant's Motion for Leave of Court to Conduct Discovery, defendant's Motion to Expand the Record, defendant's Motion to

---

to the credibility of Bruner or the forensic chemists.

Supplement Traverse in Opposition to Government's Response, defendant's Declaration in Support, defendant's Second Motion to Supplement His Traverse, defendant's Second Declaration in Support, defendant's Declaration in Support, and defendant's Second Motion for Leave to Conduct Discovery are denied.  Further, the Court certifies that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c).

     IT IS SO ORDERED.

                                    /s/ Patricia A. Gaughan  
                                    PATRICIA A. GAUGHAN  
                                    United States District Judge

Dated: 8/10/09